LINDA WITHERSPOON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Witherspoon v. Commissioner
Docket No. 26831-91
United States Tax Court
T.C. Memo 1994-593; 1994 Tax Ct. Memo LEXIS 601; 68 T.C.M. (CCH) 1333; December 5, 1994, Filed *601 Decision will be entered under Rule 155. Linda Witherspoon, pro se. For respondent: Horace Crump. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b) (3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 1,635 in petitioner's Federal income tax and the accuracy-related penalty under section 6662(a) in the amount of $ 327 for negligence or disregard of the rules or regulations under section 6662(b)(1) for petitioner's 1989 tax year. After concessions by petitioner, [2] the issues for decision are: (1) Whether petitioner is entitled to a charitable contribution deduction under section 170(a); (2) whether petitioner is entitled to employee business expenses under section 162(a) in excess of amounts allowed by respondent; and (3) whether *602 petitioner is liable for the accuracy-related penalty under section 6662(a). *603 Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Belden, Mississippi. Petitioner is a teacher in the Lee County, Mississippi school system. From June 1989 to May 1993, petitioner took courses at the University of Mississippi (University) at Oxford to improve and maintain her teaching skills. During June 1989, petitioner lived at an on-campus dormitory. Petitioner was reimbursed for the cost of her housing; however, she was required to pay for her meals. For the remainder of the period in which she was enrolled at the University, petitioner drove from her place of employment in Verona to Oxford to attend classes. [3]
Petitioner filed a joint Federal income tax return with her husband, Carlton Witherspoon, for 1989. [4] On the return, petitioner claimed deductions on Schedule A, Itemized Deductions, which *604 included, among others, the following items: (1) A charitable contribution deduction of $ 3,470, and (2) unreimbursed employee expenses of $ 4,177. In the notice of deficiency, respondent disallowed the entire charitable contribution of $ 3,470, and $ 2,405 of the $ 4,177 employee business expenses, for lack of substantiation. With respect to the employee business expenses, the following table shows the expenses that were claimed by petitioner on Form 2106, Employee Business Expenses, of her return, the amounts that were allowed by respondent in the notice of deficiency, and the amounts that were disallowed: Claimed on
Allowed by
Amount
Item Return
Respondent
Disallowed
Vehicle expense
$ 2,946.00 $ 2,148.12 $   797.88 Other business expenses
1,610.00 --  1,610.00 Meals (80%)
834.00 --  834.00 Home office - library
Depreciation
--  98.97 (98.97)
Utilities
--  72.00 (72.00)
Insurance
--  13.64 (13.64)
Subteachers pay
90.00 90.00 --  Mathematical correction
(652.00)
--  (652.00)
$ 4,828.00 $ 2,422.73 $ 2,405.27 Less 2% AGI
(651.00)
(651.00)
TOTALS
$ 4,177.00 $ 1,771.73 $ 2,405.27 *605 The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra.This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). As a general rule, if the record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may, in some situations, estimate the amount of such expense and allow a deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). *606 However, in order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). Petitioner claimed a charitable contribution deduction of $ 3,470 on her return, which was totally disallowed by respondent. Of the total amount claimed, $ 2,970 represented contributions by cash or check, and $ 370 represented contributions other than by cash or check. [5] At trial, petitioner introduced a letter from Hopewell Missionary Baptist Church in Belden, Mississippi, which indicated that, in 1989, petitioner made donations through tithes, [6] offering, and love donations in the amount of $ 3,400. No representative from the church testified at trial. Petitioner testified that all of the contributions were in cash, and she had no receipts to support the amounts claimed. Petitioner did not keep any records of her contributions. The letter from the church is very general and provides no information *607 as to how and when petitioner's contributions were made. The evidence presented does not satisfy the Court that petitioner made contributions to her church for the amount claimed. However, the Court is satisfied from the record that petitioner did make contributions to her church and, pursuant to Cohan v. Commissioner, supra, finds that she contributed $ 450 during 1989.
The second issue is whether petitioner is entitled to employee business expenses. With respect to petitioner's travel expenses, which specifically includes vehicle expenses and *608 meals, section 274(d) overrides the so-called Cohan rule. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Under section 274(d), no deduction may be allowed for expenses incurred for travel on the basis of any approximation or the unsupported testimony of the taxpayer. Section 274(d) imposes stringent substantiation requirements to which each taxpayer must strictly adhere. Thus, that section specifically proscribes deductions for travel expenses in the absence of adequate records or sufficient evidence corroborating the taxpayer's own statement. Petitioner failed to present sufficient evidence to meet the requirements of section 274(d) with respect to her claimed deductions for vehicle expenses and meals. Therefore, petitioner is not allowed a deduction for these expenses in excess of the amounts allowed by respondent. With respect to the other claimed employee business expenses, petitioner failed to substantiate the expenses claimed. However, the Court is satisfied *609 that petitioner incurred education expenses for tuition and books. Even though petitioner received some assistance through grants and scholarships, pursuant to Cohan v. Commissioner, supra, the Court finds that petitioner is entitled to a deduction of $ 750 for such expenses. The final issue is the accuracy-related penalty under section 6662(b)(1) for negligence or disregard of rules or regulations. Section 6662(a) provides for an addition to tax equal to 20 percent of the portion of the underpayment to which the section applies. Under section 6662(c), "'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard." Section 6001 provides, in pertinent part, that "Every person liable for any tax * * * shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe." Section 1.6001-1(a), Income Tax Regs., provides, in pertinent part, that "any person subject to tax under subtitle A of the Code * * *, shall keep such permanent *610 books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax". Petitioner maintained no records of her charitable contributions and was unable to substantiate the amounts claimed on her return. The records she maintained for some of her employee business expenses did not satisfy the substantiation requirements of section 274(d). On this record, the Court finds that petitioner is liable for the addition to tax under section 6662(a). Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On her 1989 Federal income tax return, petitioner claimed an itemized deduction of $ 5,712 for home mortgage interest. In the notice of deficiency, respondent disallowed $ 177.24 of the $ 5,712, determining that this amount was not interest, but instead fees for late payment. In the stipulation of facts, petitioner substantiated $ 5,786.11 for 1989 home mortgage interest paid. Petitioner is, therefore, entitled to a deduction for interest in this amount. At trial, petitioner conceded that, of the amount that she deducted on her return, $ 177.24 did, in fact, represent late charges and, therefore, was not deductible as interest expense. On the same return, petitioner also claimed a child care credit of $ 804 on Form 2441, Child and Dependent Care Expenses, based on $ 4,020 of child and dependent care expenses. In the notice of deficiency, respondent reduced the child care credit from $ 804 to $ 76, determining that petitioner's former husband, the joint filer, was unemployed and available to provide child care for more than 70 percent of the year. At trial, petitioner presented no evidence with respect to the child care credit. The Court, therefore, will treat this issue as conceded by petitioner, and respondent's determination is sustained.↩
3. Petitioner's drive was approximately 104 miles round trip.↩
4. The notice of deficiency was issued to petitioner and Carlton Witherspoon; however, Mr. Witherspoon did not petition the Court. At the time of trial, petitioner and her husband were divorced.↩
5. The discrepancy in the total amount claimed, $ 3,470, and the sum of $ 2,970 and $ 370, or $ 3,340, is apparently due to an error in addition on the part of petitioner.↩
6. A "tithe" is defined as "A tenth part of one's annual income, either in kind or money, contributed voluntarily for charitable purposes or due as a tax for the support of the clergy or church." The American Heritage Dictionary of the English Language 1348 (1976).↩